Memobandum. The orders of the Appellate Division should be affirmed.
 

 Bach of defendants seeks a reversal of his conviction of escape in the first degree (Penal Law, § 205.15),
 
 inter alia,
 
 on the ground that he was denied the right to offer evidence in support of the defense of justification under subdivision 2 of section 35.05 of the Penal Law.
 

 In the colloquy incident to his motions at the close of the People’s case, counsel for defendants referred to a prospective defense based on cruel and inhuman treatment of defendants in the Monroe County Penitentiary in asserted violation of their constitutional rights. Counsel’s contention was that this gave rise in turn to a self-help right to escape. The references to the claimed cruel and inhuman treatment were made only in the most general and conclusory terms, unaccompanied by details or particulars. At the conclusion of the colloquy, the trial court stated
 
 “
 
 that any attempt to indicate the conditions of the jail of the Penitentiary as a reason in justification or as a defense, if objected to by the District Attorney, would be curtailed and any such objection would be sustained ”. Thereafter defendants rested without introduction of evidence or tender of proof in supp.ort of the defense of justification.
 

 While, if read literally, the court’s statement might appear to go far taken by itself, the record here discloses that defense
 
 *626
 
 counsel had been speaking only in the broadest, most general terms. At no time was there any tender of proof as to the exact conditions on the basis of which the asserted defense of justification would be predicated. The trial court was never informed of details or particulars.
 

 We conclude that, in the absence of an explicit tender of specific proof, the trial court here did not commit reversible error, if indeed there was any error at all. Without at least such a tender of proof we do not reach the question whether conditions or treatment in a correctional facility can ever constitute proof of justification as a defense to the crime of escape.
 

 We have examined defendants’ other contentions and find them to be without merit.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
 

 Orders affirmed, in a memorandum.